**The STATE of Texas, Appellant,**

v.

**Miles B. SINK, Appellee.**

**No. 05–84–00713–CV.**

Court of Appeals of Texas, Dallas.

Jan. 18, 1985.

Tom Streeter, Asst. Dist. Atty., Dallas, for appellant.

Thomas J. Lochry, Dallas, for appellee.

Before AKIN, STEWART[1] and KEITH[2], JJ.

---

1. This opinion was prepared and approved by Justice Stewart prior to the expiration of her term of office on December 31, 1984.

2. The Honorable Quentin Keith, Justice, Ninth Supreme Judicial District, retired, sitting by assignment.

PER CURIAM.

This is an expunction case. The State of Texas appeals, urging in one point of error that the trial court erred in granting Miles B. Sink's petition to expunge his arrest record because the dismissal in Sink's criminal case did not show absence of probable cause. Sink moved this Court to dismiss the appeal on the ground that the State lacks standing as a party to directly appeal this *ex parte* matter. We sustain the State's point of error and deny Sink's motion. Accordingly, we reverse the trial court's judgment and render judgment denying expunction of Sink's arrest record.

■ We turn first to Sink's motion to dismiss this appeal. The 1979 amendment to TEX.CODE CRIM.PROC.ANN. art. 55.-02, 3(a) (Vernon Supp.1984) provides in part:

Any petitioner or agency protesting the expunction may appeal the court's decision in the same manner as in other civil cases....

Sink now concedes that this language disposes of the issue raised in his motion. We agree and therefore deny the motion.

We now address the substance of this appeal. Sink was arrested and the grand jury indicted him for indecency with a child, a second degree felony. However, the prosecutor dismissed the indictment when the trial judge ruled, after an in-chambers examination, that the three-year-old female complainant was incompetent to testify at trial. Later Sink petitioned to expunge his record pursuant to TEX.CODE CRIM. PROC.ANN. art. 55.01 (Vernon Supp.1984). The same judge presided over both the criminal case and the expunction proceedings.

To prove that he was entitled to expunction, Sink's only evidence was the State's motion to dismiss which, with the court's stamped approval and signature, also constituted the dismissal order. The motion in pertinent part recites:

The complainant in this case is three years old. On November 18, 1983, a hearing was held in [the judge's] chambers to determine if the complainant was competent to testify. The judge ruled that the complainant was not competent to testify. Without this testimony a prima facie case cannot be proved....

Although Sink did not offer the record of the in-chambers examination into evidence at the expunction hearing, the trial judge states in his findings that he recalled and considered the entire criminal proceeding in deciding to grant Sink's petition. Sink has included in the appellate record the transcript of the *in camera* hearing and the child's testimony before the grand jury, which was before the trial court as an exhibit to Sink's motion to suppress her testimony on grounds of incompetency.

In its sole point of error, the State contends that the dismissal did not show absence of probable cause. It conceded in its brief that Sink satisfied the conditions in paragraphs 2 and 3 of article 55.01. Thus, we need only determine whether Sink proved that he met the conditions contained in paragraph 1 of that article, which provides in pertinent part:

A person ... arrested for ... a felony ... is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist: (1) an indictment ... charging him with ... a felony was presented, it has been dismissed and the court finds it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe the person committed the offense ...;

The State argues that facts which come to light after the issuance of the indictment may be used to show absence of probable cause for the presentment (1) only if they

constitute the reason stated for the dismissal in the motion to dismiss and (2) only if they existed when the indictment was issued. We need not address here the issue of whether the trial court in an expunction hearing may look beyond the reason alleged in the State's motion to dismiss to determine if the State's "true" reason for dismissing the case was because the presentment of the indictment had been made because of mistake, false information, etc. This is true because in his expunction case, Sink relies solely on the motion and order of dismissal to establish the State's reason for dismissing the criminal case. Thus, both sides agree that the reason for dismissal was the incompetency of the complaining witness to testify at trial. This case, therefore, may be distinguished from *Cyrus v. State*, 601 S.W.2d 776 (Tex. Civ.App.—Dallas, 1980, no writ) where apparently neither the motion nor the order of dismissal was offered into evidence by either side and the issue litigated there was the reason for the dismissal.

■ However, we agree with the State's second proposition that the facts relied on in an expunction hearing to show absence of probable cause at the time of dismissal must have been in existence when the indictment was issued, because the plaintiff's burden is to present facts to prove that the presentment had been made *because of* a mistake, false information or the like.

In his findings of fact and conclusions of law regarding paragraph 1 of article 55.01, the trial court stated in relevant part:

The trial court concluded that the case had been dismissed due to the witness' incompetency to testify and that the aforesaid incompetency constituted mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense.

It is apparent that the trial judge made no finding relating the reason for dismissal back to the reason for the presentment of the indictment by the grand jury. Sink was plaintiff in the trial court and therefore had the burden of proof to affirmatively show that the indictment "was dismissed because the presentment had been made because of mistake, false information, or other similar reason...." When this statement is reduced to its component parts, it is apparent that paragraph 1 requires both that mistake, false information, or similar reason cause the presentment *and* that the fact of wrongful or mistaken presentment cause the dismissal. In other words, but for the reason for dismissal, the indictment would not have been presented. In addition, a finding that the presentment had been made because of false information or mistake requires proof that the grand jury based its decision to indict on erroneous facts; we conclude that any "other similar reason" also must establish that the grand jury acted on incorrect facts.

Appellant maintains that because the child was found incompetent to testify at the time of trial, the trial court could conclude that the child was also incompetent at the time she testified before the grand jury at an earlier point in time. Thus, he contends that, because the presentment was based on presumably incompetent testimony, there was no probable cause at the time of dismissal to believe he committed the offense charged. We disagree.

In his brief Sink states that the child's remarks before the grand jury "would have perhaps warranted investigating by the Department of Human Resources, but did not warrant a felony prosecution and indictment." Appellant, in effect, is arguing that the grand jury did not have *sufficient* evidence before it to present the bill of indictment, not that the grand jury had *erroneous* evidence before it that caused the presentment.

■ The validity of an indictment may not be attacked on the ground that it was not based upon sufficient evidence. *Thomas v. State*, 578 S.W.2d 691, 699 (Tex.Crim. App.1979); *Tarpley v. State*, 565 S.W.2d 525, 532 (Tex.Crim.App.1978). The grand jury alone judges the competency and sufficiency of the testimony upon which they act in returning a bill of indictment,

*Barnes v. State,* 134 Tex.Cr.R. 461, 116 S.W.2d 408, 409 (1938).

Assuming that the child was incompetent to testify before the grand jury, this fact is only relevant to the issue of the sufficiency of the evidence before that body; it does not prove that the grand jury acted on erroneous information. Sink has not presented any evidence to controvert the facts presented to the grand jury.

 We conclude that a showing of insufficient evidence to convict beyond a reasonable doubt will not support expunction; a plaintiff must further show that, at the time of dismissal, there was lack of probable cause to indict. Sink failed to carry his burden of proof on this issue. We hold that incompetency of a witness to testify at trial does not indicate an absence of probable cause for issuance of an indictment. The State's point of error is sustained.

The judgment of the trial court is reversed and judgment rendered that the petition for expunction be denied.