**Thompson Gordon HERRON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–91–00864–CV.**

Court of Appeals of Texas, Dallas.

Nov. 26, 1991.

Rehearing Denied Jan. 9, 1992.

---

11. The State makes the same argument in its first counterpoint. Because its argument would contravene the Court of Criminal Appeals' implicit finding that the State failed to timely preserve its waiver argument, we need not address the issue of whether the State can rely on *McClain*.

Kayo Mullins, Dallas, for appellant.

Karen R. Wise, Dallas, for appellee.

Before WHITHAM, OVARD and MALONEY, JJ.

## OPINION

MALONEY, Justice.

Thompson Gordon Herron appeals from an order denying expunction of his criminal record. In his sole point of error, Herron contends he is entitled to have his record expunged because an instructed verdict of not guilty was granted in the criminal case. We affirm.

## FACTS

Herron was indicted for theft of property of the value of $20,000 or more. At the close of the State's evidence, the trial court instructed the jury to find Herron not guilty. The not guilty judgment states that "the [c]ourt was of the opinion that the evidence was insufficient to sustain a verdict of guilty."

Herron argues that the trial court granted the instructed verdict in the theft case because there was no evidence as a matter of law to support a verdict of guilt. The State contends that Herron does not meet the requirements for expunction because the indictment was not dismissed.

## STANDARD OF REVIEW

The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *See State v. Sink*, 685 S.W.2d 403, 405 (Tex. App.—Dallas 1985, no writ). The right to expunction is available only when all the statutory conditions have been met. *Texas Dept. of Pub. Safety v. Wiggins*, 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). The court has no equitable power to extend the clear meaning of the statute. *Id.* Article 55.01 of the Texas Code of Criminal Procedure provides:

> A person ... arrested for ... a felony ... is entitled to have all records and files relating to the arrest expunged if each of the following conditions exist: (1) an indictment ... charging him with ... a felony was presented, it has been *dismissed* and the court finds that it was dismissed because the presentment had been made because of *mistake, false information, or other reason indicating*

*absence of probable cause* at the time of the dismissal to believe the person committed the offense....

TEX.CODE CRIM.PROC.ANN. art. 55.01 (Vernon Supp.1991) (emphasis added). Article 55.-01(1) requires both that mistake, false information, or similar reason cause the presentment *and* that the fact of wrongful or mistaken presentment cause the dismissal. *Sink*, 685 S.W.2d at 405. Insufficient evidence to convict beyond a reasonable doubt does not support expunction. *Id.* at 406. Insufficiency of the evidence neither invalidates an indictment nor calls for its dismissal. *Givens v. State*, 438 S.W.2d 810 (Tex.Crim.App.1969).

## APPLICATION OF LAW TO FACTS

The record shows that the theft indictment against Herron was not dismissed. The instructed verdict is not a dismissal and will not support expunction. Herron did not sustain his burden to prove that the theft case was dismissed for one of the mandatory statutory reasons.

We overrule the sole point of error. We affirm the trial court's judgment.