**HARRIS COUNTY DISTRICT ATTORNEY'S OFFICE,**
Appellant,

v.

**M.G.G., Appellee.**

No. A14–92–00904–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 2, 1993.

William J. Delmore, III, Houston, for appellant.

Jonathan Munier, Houston, for appellee.

Before ELLIS and LEE, JJ., and ROBERT E. MORSE, Jr., J. (Sitting by Designation).

## OPINION

LEE, Justice.

We withdraw our original opinion and substitute this opinion in its place. Appellee's motion for rehearing is denied.

The trial court ordered the expunction of all criminal records relating to appellee's arrest and indictment in 1986. We reverse.

Appellee, M.G.G., was arrested in Harris County, Texas, on September 30, 1986, by Houston Independent School District security officer, Leo Brimmer, for possessing lysergic acid diethylamide (LSD). He was later indicted by a grand jury for the offense. Following his indictment, appellee filed a motion to suppress any evidence seized from his person, on the grounds that the search was made without probable cause and without a warrant. Before the motion to suppress was heard by the trial court, the assistant district attorney filed a motion to dismiss the indictment. The assistant district attorney identified "insufficient evidence" and "other" as reasons for making the motion.[1] Also contained within the motion was a notation made by the assistant district attorney. The notation read:

> There was no probable cause for the search and arrest of the Defendant. A Houston Independent School District Security Officer approached the Defendant because the officer thought a drug deal was in progress. The defendant's actions were as consistent with legal activities as they were with illegal activities. The only probable cause is the mere suspicion of the officer. There was no legal justification for the search.

On June 15, 1987, the trial court dismissed the indictment.

On January 8, 1992, the appellee filed a petition for expunction of his arrest. At the hearing on appellee's petition, appellant and other named defendants maintained that appellee was not entitled to expunction of the records.[2] After hearing arguments and receiving evidence, the trial court ordered the records expunged.

In two points of error, appellant contends that the trial court erred in finding that appellee's felony indictment was dismissed because its presentment by the grand jury was the result of mistake, false information, or *other similar reason indicating absence of probable cause at the time of the dismissal* to believe the person committed the offense, because there was no evidence produced to support such finding.[3] In the alternative, appellee contends the evidence was insufficient to support the finding.

When an appellant challenges both the legal and factual sufficiency of the evidence supporting a trial court's findings of fact, the reviewing court should first examine the legal sufficiency challenge.[4] *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex. 1981). In considering a no evidence challenge, the appellate court must only consider the evidence and reasonable inferences drawn from the evidence which, when viewed in their most favorable light, support the court's finding, and must disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *King v. Bauer*, 688 S.W.2d 845,

---

1. The preprinted motion to dismiss contains eleven reasons to dismiss a criminal action. The assistant district attorney chose two from this list. Following the list is a space for explanation.

2. Appellee sought to have his arrest expunged from the records of the Harris County District Attorney's Office, the Harris County Sheriff's Department, the City of Houston, the Texas Department of Public Safety, and the Federal Bureau of Investigation's National Crime Information Center.

3. A presentment occurs when nine members of the grand jury concur in a "true bill" and deliver the indictment to the judge or clerk. *See* Tex.

Code Crim.Proc.Ann. arts. 20.19, 20.20, 20.21, and 20.22 (Vernon 1977 & Supp.1993).

4. In cases tried to the court, where both findings of fact and a complete statement of facts appears in the record, the findings of fact are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing the evidence supporting a jury's answer. *See, e.g., Southern States Transp., Inc. v. Texas*, 774 S.W.2d 639, 640 (Tex.1989); *McGalliard v. Kuhlmann*, 722 S.W.2d 694, 696 (Tex.1987); *Green v. Reyes*, 836 S.W.2d 203, 211 (Tex.App.— Houston [14th Dist.] 1992, no writ). The record before this court contains both Findings of Fact and a Statement of Facts.

846 (Tex.1985). If there is any evidence of probative value to support the finding, we must uphold the finding and overrule the point of error. *In re Kings Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

If the finding is supported by legally sufficient evidence, we must then weigh and consider all the evidence, both that in support of and that contrary to the challenged finding. *Plas-Tex, Inc. v. United States Steel Corp.*, 772 S.W.2d 442, 445 (Tex.1989); *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986). The finding must be upheld unless it is so against the great weight and preponderance of the evidence as to be manifestly unjust or erroneous. *Pool v. Ford Motor,* 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

 At issue is TEX.CODE CRIM.PROC. ANN. art. 55.01 (Vernon Supp.1993), which provides that a person is entitled to an expunction of the records if all three of the following conditions are satisfied:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, *if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;*

(B) he has been released and the charge, if any, has not resulted in a final conviction and, is no longer pending, and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a

conditional discharge under Section 481.-109 Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of arrest.

(emphasis added); *See Harris County District Attorney's Office v. Burns,* 825 S.W.2d 198 (Tex.App.—Houston [14th Dist.] 1992, writ denied); *State v. Knight,* 813 S.W.2d 210, 211–12 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Texas Dept. of Pub. Safety v. Wiggins,* 688 S.W.2d 227, 229 (Tex.App.—El Paso 1985, no writ). Article 55.01 was enacted to enable persons who are wrongfully arrested to expunge their arrest records. *Texas Dept. of Pub. Safety v. Failla,* 619 S.W.2d 215, 217 (Tex.Civ.App.—Texarkana 1981, no writ). The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *State v. Sink,* 685 S.W.2d 403, 405 (Tex. App.—Dallas 1985, no writ). The court has no equitable power to extend the clear meaning of the statute. *Gilbert v. State,* 437 S.W.2d 444, 446 (Tex.Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.).[5] Appellant conceded in its brief that appellee has satisfied the second and third conditions. Thus, we need only determine whether appellee has satisfied the second alternative in condition number one, as highlighted above.

Article 55.01(1) requires that the petitioner show affirmatively that a "mistake, false information, or other similar reason" caused the presentment and that in turn caused the dismissal. *Ex parte Kilberg,* 802 S.W.2d 17, 18 (Tex.App.—El Paso 19, no writ); *Sink,* 685 S.W.2d at 405.[6]

In support of his petition, appellee introduced, without objection, a copy of the indictment, the motion to dismiss, and the contents of the district attorney's file for appellee's prosecution. Also before the court was ap-

---

5. Although this court feels the result of its opinion is not the most equitable solution, we are without authority to extend any other remedy. However, we note the Legislature's recent attempt to modify some of the inequities contained in article 55.01. See Act of May 29, 1993, 73rd Leg., R.S., ch. 900, § 7.02, 1993 Tex.Sess.Law Serv. 3589, 3766 (to be codified as an amendment to TEX.CODE CRIM.PROC.ANN. art. 55.01).

6. Unlike the instant case, the record in *Kilberg* reflected a dismissal based on the granting of a motion to suppress illegally seized evidence. The *Kilberg* court reasoned that the motion to suppress itself amounted to an admission by the Petitioner that he did, in fact, possess the illegal substance, but claimed that the evidence could not be used because the arresting [officers] obtained the evidence illegally. 802 S.W.2d at 19.

pellant's responses to appellee's request for admissions, as well as the argument of counsel. The record shows, on its face, that the motion to dismiss was based on insufficient evidence and lack of probable cause to search and arrest the petitioner.

 Insufficient evidence to convict beyond a reasonable doubt does not support expunction. *Id.* Insufficiency of the evidence neither invalidates an indictment nor calls for its dismissal. *Givens v. State,* 438 S.W.2d 810 (Tex.Crim.App.1969); *Herron v. State,* 821 S.W.2d 329, 331 (Tex.App.—Dallas 1991, no writ). As for the second basis for dismissal, an absence of probable cause to effect a valid search and seizure does not vitiate the probable cause necessary for a grand jury to believe that a defendant is guilty of an alleged offense. *Kilberg,* 802 S.W.2d at 19.

 The fact that a determination, subsequent to a grand jury's presentment of an indictment, reveals that some or all of the evidence considered by the grand jury would be inadmissible at trial, does not entitle the defendant to an expunction under Article 55.01. It is not the function of the grand jury to determine the admissibility of evidence at trial. Although the State, in prosecuting an accused for possession of a controlled substance, must bring forth legally admissible evidence showing that some item was actually contraband and that the accused knowingly possessed it, that same determination is not necessary for a grand jury to believe that the accused actually committed the offense.

We find there is no evidence supporting the trial court's finding that the indictment was dismissed "because of mistake, false information, or other similar reason indicating absence of probable cause at the time of dismissal to believe the person committed the offense." The trial court's order expunging appellee's criminal record of his 1986 offense is therefore in error. Appellant's first point of error is sustained. We need not address appellant's second point of error.

7. Pursuant to the Supreme Court's holding in *Ex parte Elliott,* 815 S.W.2d 251 (Tex.1991), we extend this court's holding to those non-appealing

The judgment of the trial court is reversed and judgment is rendered that the petition for expunction be denied as to the felony charge in cause number 459,768 in the 180th District Court, Harris County, Texas.[7]

ELLIS, Justice, dissenting.

Finding myself in disagreement with the majority members of the panel, I respectfully file my dissent. I would affirm the judgment of the trial court.

In 1986 the appellee was indicted in the 180th District Court of Harris County, Texas for possession of a controlled substance, namely lysergic acid diethylamide (LSD). The indictment followed appellee's search and arrest at Westbury High School by Leo Brimmer, a security officer at the school, who found seventeen "squares" of LSD in a small jewelry box he took from appellee. Appellee filed a motion to suppress evidence which was seized from his person, specifically the suspected LSD. Before that motion was considered by the trial court, an assistant district attorney in the Harris County District Attorney's Office filed a motion in the 180th District Court, requesting the trial court to dismiss the indictment. The motion set forth two grounds. First, the prosecutor checked a box indicating "Insufficient Evidence." He also checked a box for "Other" and made the following notation:

There was no probable cause for the search and arrest of the defendant. A Houston Independent School District Security Officer approached the Defendant because the officer thought a drug deal was in progress. The defendant's actions were as consistent with legal activities as they were with illegal activities. The only probable cause is the mere suspicion of the officer. There are no legal justifications for the search.

The trial court signed the order dismissing the indictment on June 15, 1987.

On January 8, 1992 the appellee filed a petition in the 165th District Court to have his arrest expunged from the records of law

parties named in the trial court's order of expunction.

enforcement entities, including the Harris County District Attorney's Office, the Harris County Sheriff's Department, the City of Houston, the Texas Department of Public Safety, and the Federal Bureau of Investigation's National Crime Information Center. All of those defendants were duly served, and answers were filed.

At a hearing on June 1, 1992 before the judge of the 165th District Court, appellant and other trial court defendants maintained that the appellee was not entitled to expunction of the records. After hearing the arguments and receiving evidence, the trial court held that the records should be expunged. An order was entered on June 16, 1992.

The Harris County District Attorney's Office, thereafter gave notice of appeal. Appellant requested findings of fact and conclusions of law. Appellant and the appellee both submitted proposed findings of fact and conclusions of law. The trial court signed the findings of fact and conclusions of law prepared by appellant.

Appellant presents two points of error in this cause, one a "no evidence" argument and the other an "insufficient evidence" argument, each claiming the trial court lacked an adequate evidentiary basis for granting the appellee's petition for an expunction.

The issue in this cause centers on the statute which allows, in limited circumstances, the expunction of records of a citizen's arrest. TEX.CODE CRIM.PROC.ANN. art. 55.01 authorizes expunction as a matter of right if three conditions exist. Even though the governing law is part of the Code of Criminal Procedure, the relief of expunction is obtained by filing a civil lawsuit. That is what appellee in this cause, M.G.G., did on January 8, 1992. The condition at issue here is the second alternative in subsection (1), which states that a person may have his records expunged:

... if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to be-

lieve the person committed the offense or because it was void; ...

At the hearing the applicability of the second and third paragraphs of Article 55.01 was resolved by agreement of the parties. The basic clash came over whether, at the time of the dismissal, there was probable cause to believe the appellee committed the offense.

Appellant reasons that, even if suppression of evidence was inevitable, it still was true that the appellee in fact was in possession of LSD. The appellant relies heavily on *Ex parte Kilberg,* 802 S.W.2d 17 (Tex.App.—El Paso 1990, no writ), which utilized such reasoning when it stated "A showing that the evidence against [Kilberg] was excluded based on procedural grounds is not the same as showing that the fact of his possession was incorrect." *Id.* at 19. Appellee submits that such a view, though plausible, distorts the intended purpose of the expunction statute, which is "to enable persons who are wrongfully arrested to expunge their arrest records." *State v. Knight,* 813 S.W.2d 210, 212 (Tex.App.—Houston [14th Dist.] 1992, no writ); *see also Harris County District Attorney's Office v. J.T.S.,* 807 S.W.2d 572, 574 (Tex.1991) (stating "the Legislature intended article 55.01 to permit the expunction of records of wrongful arrests").

Article 55.01 is not couched in terms of "guilt in fact," but rather in terms of "probable cause," a concept which always is associated with evidence. Probable cause is a reason to believe that something is true, based on credible facts. A grand jury's only factual basis for finding probable cause is the evidence which is presented to them. The trial court rationally could have found, under the circumstances of this cause, that the appellee was wrongfully arrested, the search and arrest situation was misrepresented to the prosecutors and grand jury, and there would have been no indictment if the prosecutors and grand jurors had been aware of the same information relating to probable cause that was available to the prosecutor who dismissed indictment.

I would affirm the trial court's judgment.