The TEXAS DEPARTMENT OF PUBLIC
SAFETY, Appellant,

v.

Heriberto MENDOZA, Appellee.

No. 04–96–00860–CV.

Court of Appeals of Texas,
San Antonio.

July 23, 1997.

Charles R. Maddox, J. Frank Davis, Asst. Atty. Gen., Austin, for Appellant.

Sharon Trigo, Laredo, for Appellee.

Before HARDBERGER, C.J., and STONE and GREEN, JJ.

GREEN, Justice.

The Texas Department of Public Safety (DPS) appeals from an order expunging Heriberto Mendoza's arrest record for sexual assault. DPS challenges the court's order on sufficiency grounds. We reverse and render judgment denying Mendoza's expunction request.

### Facts

On March 16, 1992 Mendoza was arrested for sexually assaulting a female. He was subsequently indicted for the felony. However, on October 16, 1992, the indictment was dismissed upon the State's motion because the State was unable to locate the victim and witnesses. On May 26, 1995, Mendoza filed a petition seeking the expunction of his arrest for sexual assault. After the court ordered the expunction, DPS moved for a new trial based upon lack of notice of the expunction hearing and upon the insufficiency of the evidence. DPS' motion for new trial was granted, and Mendoza filed an amended petition. At the new expunction hearing, the motion and the order dismissing the indictment against Mendoza were entered into evidence. After the introduction of that evidence and argument of counsel, the court ordered Mendoza's arrest record expunged. Upon DPS' request, the court entered findings of fact and conclusions of law. DPS then filed a motion for new trial raising factual and legal insufficiency points.[1]

---

1. The motion is not in the transcript; however, both parties, in their respective briefs, acknowledge that the motion was filed. DPS states that the motion challenged the court's ruling on factual and legal sufficiency grounds. Because

In its first two points of error, DPS contends there was legally and factually insufficient evidence to support the court's first and fourth through eleventh findings of fact. In its first finding of fact, the court found that Mendoza "is a Hispanic male, born July 1, 1964." The other findings of fact that DPS challenges include:

4. Such case was dismissed because the presentment was made because of mistake, false information or other similar reason indicating the absence of probable cause at the time of the dismissal to believe Petitioner committed the offense.

5. At the time of the dismissal, the alleged victim, the only eyewitness to the alleged offense, had disappeared and has not reappeared to prosecuting authorities for more than four years since the date of the alleged offense.

6. The State is not ready to try the alleged offense against Petitioner at this time and cannot reasonably anticipate that it will ever be able to try the offense.

7. Petitioner has been released from custody on this charge; [sic]

8. Any charges arising against Petitioner arising out of the transaction for which Petitioner was arrested have not resulted in a final conviction and are no longer pending.

9. There was no court-ordered supervision under Article 42.13 of the Code of Criminal Procedure in this matter.

10. Petitioner was not released on a conditional discharge under Section 4.12 of the Controlled Substances Act.

11. Petitioner has not been convicted of a felony in the five years preceding the date of the arrest.

In its third point of error, DPS contests the court's third conclusion of law, in which the trial court concluded that all legal prerequisites for granting the expunction had been met.

Mendoza has not challenged this statement, we accept DPS' contention as true and find that it properly preserved error on these points. *See* TEX.R.APP. P. 74(f).

### Standards of Review

A trial court's findings are reviewable for legal and factual sufficiency of the evidence by the same standards that are applied in reviewing evidence supporting a jury's answer. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). In reviewing a legal insufficiency challenge or "no evidence" point of error, the reviewing court considers only the evidence and inferences that tend to support the challenged findings and disregards all evidence and inferences to the contrary. *See id.* If there is more than a scintilla of evidence to support the findings, the "no evidence" challenge cannot be sustained. *Id.* In reviewing a factual sufficiency point, the court of appeals must weigh all of the evidence in the record. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex.1996). Findings may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.; Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

■ A trial court's conclusions of law are always reviewable. *Spiller v. Spiller,* 901 S.W.2d 553, 556 (Tex.App.—San Antonio 1995, writ denied). Conclusions of law will be upheld on appeal if the judgment can be sustained on any legal theory supported by the evidence; they will not be reversed unless they are erroneous as a matter of law. *Id.*

### Discussion

■ The Code of Criminal Procedure permits a person to expunge his arrest records upon meeting certain requirements. *See* Tex.Code Crim. Proc. Ann. arts. 55.01, 55.02 (Vernon Supp.1997). The petition filed must be verified and must include such things as the petitioner's name, sex, race, date of birth, and the offense charged against the petitioner. *Id.* at art. 55.02, § 1(b). A person is entitled to an expunction if he has been acquitted by the trial court, convicted and subsequently pardoned, or each of the following conditions exist:

(A) an indictment or information charging him with commission of a felony has not been presented against him for an offense arising out of the transaction for which he was arrested or, if an indictment or infor-

mation charging him with commission of a felony was presented, it has been dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;

(B) he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article 42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

*Id.* at art. 55.01(a). The petitioner has the burden of proving compliance with all of the statutory requirements. *Harris v. State,* 733 S.W.2d 710, 711 (Tex.App.—San Antonio 1987, no writ). Here, Mendoza alleged in his verified petition that he was entitled to an expunction because the indictment had been dismissed because of mistake, false information, or other similar reason indicating the lack of probable cause.

■ Because the only items before the court were Mendoza's verified petition, the prosecutor's motion to dismiss, the order dismissing the indictment, and argument of counsel, DPS contends that Mendoza did not prove his compliance with all of the statutory requirements. In essence, DPS argues that Mendoza's verified petition, alone, is not sufficient evidence to prove the allegations contained therein; instead, Mendoza was required to testify or put on other evidence at the hearing to prove up the facts contained in the petition. We agree. Although DPS did not file an answer, it did file a successful motion for new trial, and it was clear to Mendoza and the trial court that DPS was actively contesting the expunction petition at the hearing. Under these circumstances, we conclude that DPS' appearance amounted to a general denial of the allegations contained in Mendoza's petition. *Cf.* Tex.R. Civ. P. 92 (permitting party's appearance to constitute general denial if cross-claim or counterclaim

is served upon party despite absence of responsive pleading). "A general denial of matters pleaded ... shall be sufficient to put the same in issue...." *Id.* Additionally, Mendoza did not seek or obtain a default judgment, and any right to such relief was therefore waived. *See Artripe v. Hughes,* 857 S.W.2d 82, 87 (Tex.App.—Corpus Christi 1993, writ denied); *Estate of Grimes v. Dorchester Gas Producing* Co., 707 S.W.2d 196, 204 (Tex.App.—Amarillo 1986, writ ref'd n.r.e.); *Goetz v. Goetz,* 534 S.W.2d 716, 719–20 (Tex.Civ.App.—Dallas 1976, no writ). Because the allegations in Mendoza's petition were not evidence, Mendoza was required to prove his compliance with the statutory conditions.

■ Only the court's seventh finding of fact—Mendoza had been released from custody—is supported by the evidence; in particular, it is supported by the dismissal order, in which the court also ordered Mendoza discharged. DPS did not contradict this in its motion for new trial or at the hearing. Viewing the evidence in a light favorable to the court's finding, there is more than a scintilla of evidence to support this finding.

■ Finding of fact four, concerning why the indictment was dismissed, however, is not supported by legally sufficient evidence. The only evidence the court had before it— the State's motion to dismiss and the court's order dismissing the indictment—demonstrated why the cause was dismissed. The motion sought dismissal on the basis that "[t]he victim and witnesses were unable to locate, [sic] local law enforcement and with the cooperation of [M]exican officials have exhausted their efforts in locating said victim." Based on this motion, the court in the underlying proceeding dismissed the cause, quoting the language used in the motion.

■ A dismissal based on insufficient evidence at the time of the indictment's presentment does not fit the statutory requirement of a presentment being made due to false information, mistake or absence of probable cause. *See Harris County Dist. Attorney's Office v. Hopson,* 880 S.W.2d 1, 4 (Tex. App.—Houston [14th Dist.] 1994, no writ); *State v. Sink,* 685 S.W.2d 403, 405–06 (Tex.

App.—Dallas 1985, no writ). In *Sink,* the court dismissed an indictment, which charged the defendant with indecency with a child, after ruling the complaining witness, a three-year old child, was incompetent to testify at trial. *Sink,* 685 S.W.2d at 404–05. The *Sink* defendant then sought to expunge his arrest record, which the court granted. *Id.* at 404. On appeal, the Dallas Court of Appeals determined that the incompetency of the victim to testify was only relevant to the issue of the sufficiency of the evidence and did not prove that the grand jury acted on erroneous information as required by statute. *Id.* at 406.

In the case at bar, the prosecutor and law enforcement agencies could not locate the witnesses and victim to testify at trial. As in *Sink,* the inability of a witness to testify goes to the sufficiency of the evidence and not to whether the presentment of the indictment was based upon mistake, false information, or other reason indicating lack of probable cause. Mendoza's attorney even admitted at the expunction hearing that the cause was dismissed because of insufficient evidence.

■ Citing *Hopson,* Mendoza contends that the court should look beyond the State's reasons and consider all admissible evidence in ascertaining the true reason for the dismissal. While we agree that *Hopson* states this proposition, *see Hopson,* 880 S.W.2d at 3–4, we find no evidence in the record indicating that the prosecutor sought to dismiss the indictment for any reason other than the State's inability to locate the victim and witnesses. Moreover, in looking at the reason for the dismissal, the court must focus on the evidence the grand jury considered when it presented the indictment since the statute requires the cause to be dismissed "because the *presentment* had been made because of mistake, false information, or other similar reason indicating absence of probable cause...." TEX.CODE CRIM. PROC. ANN. art. 55.01(a)(2)(A) (emphasis added); *see Hopson,* 880 S.W.2d at 4–5 (focusing on evidence shown to grand jury and finding presentment based upon mistake or false information after petitioner proved that prosecutor presented no witnesses or scientific evidence to grand jury to prove crime occurred or that petitioner was offender). Here, Mendoza did not

show what evidence the grand jury heard or did not hear in order to prove that the grand jury presented the indictment based on mistake, false information or other reason indicating the absence of probable cause to believe that Mendoza committed the crime.

Findings of fact five and six also are not supported by evidence in the record. There is nothing in the record, other than the arguments made by Mendoza's counsel at the hearing, demonstrating that the victim had "disappeared" and had not reappeared for four years or that the victim was the only eyewitness. However, argument of counsel is not evidence. *Texas Dep't of Pub. Safety v. Wiggins,* 688 S.W.2d 227, 230 (Tex.App.—El Paso 1985, no writ). The State's motion to dismiss did not say that the victim had disappeared for four years or that she was the only witness to the crime, but instead simply alleged that the authorities were unable to locate the victim and witnesses. Likewise, the record does not confirm the trial court's finding that the State was not ready to try the offense or that the State does not anticipate being able to try the case in the future. Thus, these findings cannot withstand DPS' legal sufficiency challenge. Even if these findings could be upheld, as discussed above, they would not support the court's determination that the grand jury presented the indictment based on mistake, false information, or other similar reason indicating lack of probable cause.

Likewise, other than Mendoza's petition, which is not evidence in a contested hearing, we cannot find any evidence presented to the trial court that supports the court's first, eighth, ninth, tenth, or eleventh findings of fact. As a result, DPS' legal sufficiency to these findings must be sustained. Because the indictment was not dismissed based on the grand jury's presenting the indictment due to mistake, false information, or other reason demonstrating lack of probable cause and because Mendoza did not prove he satisfied the other statutory conditions, the court, as a matter of law, could not conclude that Mendoza met the requirements under article 55.01(a). Thus, the court's third conclusion of law was erroneous.

We sustain DPS' first, legal sufficiency point of error as it relates to the court's first, fourth, fifth, sixth, eighth, ninth, tenth, and eleventh findings of fact and overrule the legal sufficiency challenge to the seventh finding of fact. We also sustain DPS' third point of error. Because these points of error are dispositive of the appeal, we do not address the factual sufficiency challenge in DPS' second point of error. Accordingly, we reverse the trial court's judgment and render judgment denying Mendoza's expunction request. Pursuant to DPS' prayer for relief, we order all documents that were turned over to the court or to Mendoza be returned to the submitting agencies.