Reversed and Rendered and Memorandum Opinion filed March 22, 2007









Reversed and
Rendered and Memorandum
Opinion filed March 22, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00478-CV

____________

 

TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant

 

V.

 

JEREMY COLLMORGEN, Appellee

 





 

On Appeal from the 9th District Court

Waller County, Texas

Trial Court Cause No. 05-06-17870

 





 

M E M O R A N D U M   O P I N I O N

Appellee Jeremy Collmorgen was arrested and indicted on one
count of aggravated sexual assault of a child and two counts of indecency with
a child.  The indictments were subsequently dismissed and Collmorgen filed
a petition for expunction of his criminal record.  The trial court entered
an order of expunction.  We reverse and render judgment denying the petition. 





Factual
and Procedural Background

In September 2001, the Montgomery County Sheriff=s Department
arrested Collmorgen and charged him with one count of aggravated sexual assault
of a child and two counts of indecency with a child.  In August 2003, the
District Attorney dismissed the indictments against Collmorgen, citing the
complaining witness=s request for dismissal. 

Two years later, Collmorgen petitioned to expunge the
indictments from his criminal record.  Appellant, Texas Department of
Public Safety (hereafter ADPS@), denied all the
allegations made in Collmorgen=s petition.  The trial court held a
hearing on the petition.  Collmorgen testified that all charges had been
dismissed against him at the request of the complaining witness and that he had
not been convicted of a felony in the five years preceding the date of the
arrest.  DPS argued that Collmorgen had not presented any reason for the
dismissal other than the lack of a prosecuting witness.  Six months after
the hearing, the trial court entered an Order of Expunction.  In response
to DPS=s request, the
trial court entered findings of fact and conclusions of law.  This appeal
followed.  

Issues
on Appeal

On appeal, DPS raises two issues: (1) Collmorgen failed to
produce any evidence that the indictment was based on mistake, false
information, or other similar reason; and (2) the trial court abused its
discretion in setting a hearing on a petition for expunction without notice to
all respondents listed in the petition. 

Analysis
of DPS=s Issues

I.
       Collmorgen Failed to Produce Any Evidence
That the Indictment Was Based on Mistake, False Information, or Other Similar
Reasons

A.     
The Expunction Statute 

 

An expunction proceeding is civil rather than criminal, and
the petitioner has the burden of proving compliance with all statutory
requirements.  Harris County Dist. Attorney v. Lacafta, 965 S.W.2d
568, 569 (Tex. App.CHouston [14th Dist.] 1997, no pet.). 
In addition, the court Ahas no equitable power to extend the clear
meaning of the statute.@  Id.; Harris County Dist.
Attorney=s Office v. M.G.G., 866 S.W.2d 796,
798 (Tex. App.CHouston [14th Dist.] 1993, no writ).

Article 55.01(a)(2) of the Texas Code of Criminal Procedure
provides that the following conditions must be met before a petitioner who was
arrested and indicted for a felony or misdemeanor has the right to have their
record expunged:

(A)     an indictment or information charging the
person with commission of a felony has not been presented against the person
for an offense arising out of the transaction for which the person was arrested
or, if an indictment or information charging the person with commission of a
felony was presented, the indictment or information has been dismissed or
quashed, and:

(i)      the limitations period expired before
the date on which a petition for expunction was filed under Article 55.02; or

(ii)      the court finds that the indictment
or information was dismissed or quashed because the presentment had been made
because of mistake, false information, or other similar reason indicating
absence of probable cause at the time of the dismissal to believe the person
committed the offense or because it was void;

(B)     the person has been released and the
charge, if any, has not resulted in a final conviction and is no longer pending
and there was no court ordered community supervision under Article 42.12 for
any offense other than a Class C misdemeanor; and

(C)     the
person has not been convicted of a felony in the five years preceding the date
of the arrest.  

Tex. Code Crim. Proc. art. 55.01(a)(2)(A)B(C) (emphasis
added).

 

In this appeal, the only condition in question is whether
the indictment was dismissed due to mistake, false information or other similar
reason.  See id. art. 55.01(a)(2)(A)(ii).  This Court has
found this condition is met under a variety of circumstances, including cases
where (1) the indictment was based solely on the victim=s identification
of the petitioner as her assailant and following the presentment the victim is
unable make the identification, (2) the indictment was based on illegal
hearings during which the petitioner was wrongfully denied the assistance of
counsel, or (3) the petitioner was not given the opportunity to present to the
grand jury exculpatory evidence and the trial court later quashed the
indictment based on this evidence.  Harris County Dist. Attorney=s Office v.
Hopson, 880 S.W.2d 1, 4B5 (Tex. App.CHouston [14th
Dist.] 1994, no writ); Harris County Dist. Attorney=s Office v. Burns, 825 S.W.2d 198,
201B02 (Tex. App.CHouston [14th
Dist.] 1992, writ denied); Harris County Dist. Attorney=s Office v.
R.R.R., 928 S.W.2d 260, 264 (Tex. App.CHouston [14th
Dist.] 1996, no writ).

Both the clear language of the statute and cases
interpreting the statute dictate that the petitioner must assert evidence
showing that the indictment was based on a mistake or false information. 
If the prosecutor dismisses simply because he believes he has insufficient
evidence to convict, that is not mistake or false information.  See
Thomas v. State, 578 S.W.2d 691, 699 (Tex. Crim. App. 1979); M.G.G.,
866 S.W.2d at 799.

B.      Standard of Review

We review a trial court=s ruling on a
petition for expunction for abuse of discretion.  Heine v. Texas Dept.
of Public Safety, 92 S.W.3d 642, 646 (Tex. App.CAustin 2002, pet.
denied).  A trial court abuses its discretion if its decision is
arbitrary, unreasonable, and without reference to any guiding rules and
principles.  Mercedes-Benz Credit Corp. v. Rhyne, 925 S.W.2d 664,
666 (Tex. 1996). 

 

A trial court=s findings of fact
are reviewable for sufficiency of the evidence by the same standards applied in
reviewing a jury=s answer.  Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994).  For an appellant to attack the legal sufficiency
of an adverse finding on an issue on which he did not have the burden of proof,
he must demonstrate on appeal that no evidence supports the adverse
finding.  See Croucher v. Croucher, 660 S.W.2d 55, 58 (Tex. 1983) (noting that the Ano evidence@ point of error is
appropriate when the party without the burden of proof complains of a jury
finding).  In reviewing no-evidence points of error, the reviewing court
must consider all of the record evidence Ain a light most
favorable to the party in whose favor the verdict has been rendered, and every
reasonable inference deducible from the evidence is to be indulged in such
party=s favor.@  Harbin v.
Seale, 461 S.W.2d 591, 592 (Tex. 1970).  If the reviewing court finds
more than a scintilla of evidence supporting the finding, the no-evidence
challenge fails.  See Continental Coffee Prods. Co. v. Cazarez, 937
S.W.2d 444, 450 (Tex. 1996).  AMore than a
scintilla of evidence exists when the evidence supporting the finding, as a
whole, >rises to a level
that would enable reasonable and fair-minded people to differ in their
conclusions.=@  Haggar Clothing Co. v. Hernandez, 164
S.W.3d 386, 388 (Tex. 2005) (quoting Burroughs Wellcome Co. v. Crye, 907
S.W.2d 497, 499 (Tex. 1995)).  This rule provides that it is the legal
equivalent of no evidence Aif reasonable minds cannot differ from the
conclusion that the evidence offered to support the existence of vital facts
lacks probative force.@  Kindred v. Con/Chem, Inc., 650
S.W.2d 61, 63 (Tex. 1983).  

We review the trial court=s conclusions of
law de novo as legal questions.  See State v. Heal, 917 S.W.2d 6, 9
(Tex. 1996).  In performing a de novo review, we exercise our own judgment
and redetermine each legal issue.  Quick v. City of Austin, 7
S.W.3d 109, 116 (Tex. 1998).  Conclusions of law will be upheld on appeal
if the judgment can be sustained on any legal theory the evidence
supports.  Waggoner v. Morrow, 932 S.W.2d 627, 631 (Tex. App.CHouston [14th
Dist.] 1996, no writ).

C.      The Evidence Introduced
at the Hearing

DPS argues that Collmorgen failed to meet his burden of
asserting any evidence that the charge was dismissed due to a mistake, false
information, or other similar reason indicating lack of probable cause. 
Having reviewed the record, we agree.  

 

The record on appeal presents only three pieces of evidence
for review: Collomorgen=s testimony during the expunction hearing,
the statement for non-prosecution by the father of the complaining witnesses,
and the district attorney=s motion to dismiss.[1]  Collmorgen=s testimony was
limited to the following: 

Q.      State your full name , sir.

A.      Jeremy Collmorgen.

Q.      Are you the same person who was
indicted in the Criminal Cause Nos. 10,755, 756, 757 of this court?

A.      Yes, sir.

Q.      And you have filed an application for
expungement of the records; is that correct?

A.      Yes, sir, I have.

Q.      This matter against you has been
dismissed; is that correct?

A.      Yes, it has.

Q.      I want to show you a copy of the
motion to dismiss that has been signed by this Court.  Do you recognize
that?

A.      Yes, sir, I do.

Q.      And does that dismissal say the
complaining witness requested the dismissal?

A.      Yes.

Q.      Has that or have all three of those
indictments against you been actually dismissed?

A.      Yes.

Q.      Have you been released from custody on
all of those charges?

A.      Yes.

Q.      Are there any other charges arising
from these circumstances?

A.      No, sir.

Q.      And at this time, have there been any
final convictions or final results of these indictments?

 

A.      No.

Q.      Has there been any court-ordered
probation?

A.      No, sir.

Q.      Were you released after this was filed
on any sort of conditional bond?

A.      No.

Q.      In other words, you=re completely released from all of
these charges; is that correct?

A.      Yes.

Q.      Have you been convicted of any felony
in the past five years?

A.      None at all.

Q.      You=re asking that the Court sign this order of expungement so
all of these agencies would receive a copy of this order?

A.     
Yes, I am.    

Collmorgen thereby provided evidence relating to two of the
three requirements for an expunction.  Tex.
Code Crim. Proc. art. 55.01(a)(2)(B)B(C). 
However, Collmorgen=s testimony offered no indication he had
met the third condition, that his indictment was based on a mistake or false
information.  See id. art. 55.01(a)(2)(A)(ii). 

In the statement for non-prosecution by the father of the
complaining witnesses, he provides the following reason for submitting the
statement:

My family and I have come to an
agreement that if this could be dropped Jeremy would be moved out of town. 
That way if it did happen he would be out of the way of my kids.  Also I
[sic] tired of arguing with my family all the time about who is right and who
is wrong.  I want to stop the fighting.  If this does continue to go
to court I will lose the property I am living on becuase my folks would have to
sell the property in order to pay the lawyer.  I do not want my children
to have to be on the stand and Sherry Robinson said they would have to testify.


Nowhere
in the statement does he suggest that the alleged victims made false or
misleading statements that led to the presentment of the
indictments.   

Finally, the district attorney=s motion to
dismiss simply has a box checked on a pre-printed form noting that the
complaining witness has requested dismissal.  

 

In short, here we have facts on the record showing that the
indictment was dismissed only because of the complaining witnesses= desire not to
testify.  In fact, during the hearing the trial court recognized that A[t]here=s a big difference
between an indictment being based upon false or misleading evidence, failure to
have probable cause for a stop, and a reluctant witness who has filed an
affidavit of nonprosecution.@  Moreover, the court stated  Athe prosecution
isn=t able to tell me
they dismissed this because they felt this person was incompetent or this wasn=t truthful, all
they=re doing is saying
they don=t want to testify
and we can=t make our case.@

D.     
A Witness=s Desire Not to Testify Does Not
Equal Mistake or False Information

These facts do not constitute mistake or false
information.  Case law makes this quite clear.  This case presents a
similar set of facts as those set forth in State v. Sink.  685
S.W.2d 403 (Tex. App.CDallas 1985, no writ).  In Sink,
the prosecutor dismissed the indictment when the trial judge ruled that the
three-year-old complainant was incompetent to testify at trial.  Id.
at 404.  Following the dismissal, Sink petitioned to expunge his record,
offering only the State=s motion to dismiss as evidence.  Id. 
The Dallas Court of Appeals found that the competency of the witness to testify
before the grand jury is only relevant to the sufficiency of the evidence
before that body and Adoes not prove that the grand jury acted
on erroneous information.@  Id. at 406; see also
Metzger v. Houston Police Dep=t, 846 S.W.2d 383,
385 (Tex. App.CHouston [14th Dist.] 1992, writ denied) (citing Sink
and affirming the denial of the expunction petition because the petitioner
proffered no evidence that Athe true reason for the prosecutor=s motion to
dismiss was anything other than the trial court=s ruling on the
competency of the child witness to testify@).  The Court
concluded by stating Athat a showing of insufficient evidence to
convict beyond a reasonable doubt will not support expunction.@  Sink,
685 S.W.2d at 406. 

 

Similarly, in other sexual assault cases involving an
unwilling or missing witness, courts have ruled this circumstance alone is not
sufficient evidence to support an expunction.  In Barker v. State,
the prosecutor could not locate the complainant to testify in a second trial
following a mistrial.  84 S.W.3d 409, 412  (Tex. App.CFort Worth 2002,
no pet).  The Fort Worth Court of Appeals held that both the inability to
locate a complainant and the complainant=s lack of
cooperation go to the Ainsufficiency of the evidence to convict
and not to whether the presentment of the indictment was based upon mistake,
false information, or other reason indicating lack of probable cause.@  Id. at
413; see also Texas Dep=t of Pub. Safety
v. Mendoza, 952 S.W.2d 560, 563 (Tex. App.CSan Antonio 1997,
no writ) (holding that the prosecutor=s inability to
locate a sexual assault witness and victim is only relevant to the sufficiency of
the evidence and does not indicate a lack of probable cause).  Having
reviewed both the evidence presented and the relevant case law, we now turn to
the trial court=s findings of fact.  

E.
     The Findings of Fact Are Not Supported by the
Evidence

The trial court=s findings of fact
concerning the existence of mistake and false information are not supported by
any evidence found in the record.  The trial court=s findings of fact
include that

[t]he indictments presented against the petitioner have each been
dismissed because the information provided to the Criminal District Attorney
was found to be false and misleading, and therefore, the indictments were
dismissed at the request of the complaining witnesses= parents.

Further,
the trial court=s conclusions of law include that

[t]he indictments were dismissed because the presentment had been made
because of mistake, false information, or other similar reason indicating
absence of probable cause at the time of the dismissal to believe the
petitioner committed the offense.

 

Collmorgen stresses that in order to ignore the findings we
Amust find that
they are so against the great weight and preponderance of the evidence as to be
manifestly wrong.@  We have reviewed the record and
found no evidence of mistake or false information.  Moreover, Collmorgen
has not cited us to any.  It is clear from the discussion between the
parties during the expunction hearing that there is history in this case that
was not admitted into evidence.  However, the trial court=s ruling must be
based on the record at the hearing.  Therefore, we find that the findings
of fact are unsupported by the evidence and we sustain DPS=s first issue on
appeal.[2] 


Conclusion

We reverse the trial court=s judgment and
render judgment denying Collmorgen=s petition for
expunction.  We also order any documents turned over to the trial court or
petitioner be returned to the submitting agencies.  

 

 

 

 

/s/      Wanda McKee Fowler

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed March 22, 2007.

Panel
consists of Chief Justice Hedges and Justices Fowler and Edelman.














[1]  There are discussions during the hearing
pertaining to inconsistencies in the victims=
statements  during several interviews they underwent and how these
inconsistencies were the subject of an earlier appeal.  While the trial
judge may have factored some of the subject of these discussions into his
decision, they were not introduced into evidence and we cannot consider
them.  Vanscot Concrete Co. v. Bailey, 862 S.W.2d 781, 783 (Tex.
App.CFort Worth 1993), aff=d, 894
S.W.2d 757 (Tex. 1995) (holding that A[o]ur
duty, as an appellate court, is to consider only the testimony adduced and the
evidence tendered and/or admitted at the time of trial@).  





[2]  Because
we have reversed the trial court=s order of expunction, DPS=s second issue is moot and we do not reach it.