In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00013-CV
_____

THE STATE OF TEXAS, Appellant

V.

H.D., Appellee

_____

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Cause No. X-2367**

_____

**MEMORANDUM OPINION**

The State of Texas ("the State") appeals a trial court's order granting a Petition for Expunction on behalf of Appellee H.D. The State contends the trial court erred in granting the petition, and we sustain the State's point of error. Accordingly, we reverse the trial court's expunction order and render judgment denying H.D.'s petition for expunction.

**Background**

On November 28, 2022, H.D. filed a petition that requested expunction of all records and files arising from his arrests on July 26, 2019, and August 8, 2019, in Jefferson County. On June 13, 2022, the trial court dismissed causes 19-32921 (indecency with a child), 19-32922 (indecency with a child), and 19-32923 (indecency with a child) and indicated its reason for the dismissal as in the "Interest of Justice." H.D. asserts in his petition that article 55 of the Texas Code of Criminal Procedure required the court to grant his expunction request. In his sworn petition, H.D. asserted that he was entitled to an expunction under Article 55.01(a)(2)(A)(ii) of the Texas Code of Criminal Procedure because the indictments were presented but subsequently dismissed, he had been released, the charges had not resulted in final conviction and are no longer pending, and no community supervision has been ordered by any court.

Objections were filed by the City of Beaumont, the Jefferson County Criminal District Attorney on behalf of the State of Texas, and the Texas Department of Public Safety. In response to his petition, the State denied that H.D. was entitled to expunction of his arrests because the statute of limitations had not yet expired and because he failed to meet the statutory requirements for expunction. *See* Tex. Code Crim. Proc. Ann. art. 55.01. The State detailed that article 55.01(a)(2)(A)(ii) requires that the petitioner meet their burden of proving that the indictment or information

was dismissed after completion of a specialty court or pretrial intervention program, because the presentment was made due to an absence of probable cause, or because the indictment or information was void. According to the State, H.D. is not entitled to an expunction because H.D. does not allege completion of a program and he does not allege that the dismissal was the result of the original charging instruments being void or lacking probable cause. *See id.*

On January 9, 2023, the trial court held a hearing on H.D.'s petition for expunction. Counsel for H.D. explained that expunction was filed on probable cause grounds since the State chose to dismiss the cases in the interest of justice. In response, the State argued that H.D. is not entitled to expunction because H.D. had not met his burden and established that the cases were dismissed for lack of probable cause. In response, the trial judge questioned how a petitioner would show the absence of probable cause "if 'interest of justice' is what's marked off on the dismissal[.]" The State responded that "it's not easy to show that there was a lack of probable cause for purposes of the indictment." Counsel for H.D. stated that the "interest of justice" on the dismissal is an impossible burden for the petitioner because he does not know what it means. At the conclusion of the hearing, the trial judge granted H.D.'s petition for expunction finding that "sufficient evidence is present to grant the motion[.]"

3

## Standard of Review

We review a trial court's ruling on a petition for expunction for an abuse of discretion. *State v. T.S.N.*, 547 S.W.3d 617, 620 (Tex. 2018). Under the abuse of discretion standard, we afford no deference to the trial court's legal determination since a court has no discretion in deciding what the law is or applying the law to the facts. *Id.* To the extent the trial court's ruling turns on a question of law, we review the ruling de novo. *Id.*

## Analysis

Texas Code of Criminal Procedure article 55.01 contains the requirements for an expunction of criminal records. *See* Tex. Code Crim. Proc. Ann. art. 55.01; *T.S.N.*, 547 S.W.3d at 620. An individual must meet all statutory requirements before being entitled to expunction. *T.S.N.*, 547 S.W.3d at 620. Because expunction is a privilege defined by the Legislature, not a common-law or constitutional right, "the statutory requirements are mandatory and exclusive and cannot be equitably expanded by the courts." *Ex parte R.P.G.P.*, 623 S.W.3d 313, 316 (Tex. 2021) (citation omitted). As an expunction proceeding is civil rather than criminal, the petitioner bears the burden of proving compliance with the statute. *Tex. Dep't of Pub. Safety v. Katopodis*, 886 S.W.2d 455, 457 (Tex. App.—Houston [1st Dist.] 1994, no writ). When a statute creates a cause of action, "all provisions are mandatory and exclusive, and a person is entitled to expunction only when all of the conditions have been met." *Tex. Dep't*

4

*of Pub. Safety v. Wallace*, 63 S.W.3d 805, 806 (Tex. App.—Austin 2001, no pet.) (citing *Harris Cnty. Dist. Atty's Off. v. Burns*, 825 S.W.2d 198, 202 (Tex. App.—Houston [14th Dist.] 1992, writ denied)). The purpose of article 55.01 is to enable persons who are wrongfully arrested to expunge their arrest record. *Harris Cnty. Dist. Atty's Off. v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991).

To prove a right to an expunction, the petitioner must show the following:

(ii) . . . [an] indictment or information was dismissed or quashed because:

> (a) the person completed a veterans treatment court program created under Chapter 124, Government Code, or former law, subject to Subsection (a-3);

> (b) the person completed a mental health court program created under Chapter 125, Government Code, or former law, subject to Subsection (a-4);

> (c) the person completed a pretrial intervention program authorized under Section 76.011, Government Code, other than a veterans treatment court program created under Chapter 124, Government Code, or former law, or a mental health court program created under Chapter 125, Government Code, or former law;

> (d) the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense; or

> (e) the indictment or information was void[.]

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii).

H.D. sought expunction under article 55.01(a)(2)(A)(ii)(d) of the Texas Code of Criminal Procedure because although the indictments were presented, they were subsequently dismissed "in the interest of justice" on June 13, 2022. *See id.* art. 55.01(a)(2)(A)(ii)(d). In its brief, the State argues the trial court misinterpreted the expunction statute and erred by accepting H.D.'s counsel's argument as evidence. The State argues that it has established probable cause based on the grand jury indictment of H.D. on the three felony charges, and that outside of his counsel's argument that he was willing to testify regarding his innocence, H.D. did not present any evidence that he complied with article 55.01 and was entitled to expunction. According to the State, even though it had no burden in the petition for expunction, it proved that there was probable cause for each charge with the indictment.

Article 55.01 indicates it is the petitioner's burden to show affirmatively that a "mistake, false information, or other similar reason" caused the wrong or mistaken presentment and that in turn caused dismissal. *State v. Sink*, 685 S.W.2d 403, 405 (Tex. App.—Dallas 1985, no writ). In *Sink*, the court held that a finding that the presentment had been made because of mistake or false information requires proof the grand jury based its decision to indict on erroneous facts, and that the phrase "'or other similar reason'" also means a showing that the grand jury acted on incorrect facts. *Id.*

In his brief, H.D. argues that he sought expunction under article 55.01(a)(2)(A)(ii)(d) based on the absence of probable cause to indict. H.D.'s attorney argued at the expunction hearing that his client would testify about his innocence, which he has always maintained. That said, H.D. did not appear at the hearing to offer testimony regarding the lack of probable cause. Establishing his innocence is not what is required by article 55.01(a)(2)(A)(ii)(d). The article requires that H.D. demonstrate that the indictments were made because of "mistake, false information, or other similar reason[.]" Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii)(d). At the expunction hearing, H.D. did not present any evidence that the grand jury based its decision to indict on erroneous facts. *See Sink*, 685 S.W.2d at 405. While H.D.'s counsel expressed H.D.'s willingness to testify at the expunction hearing, there was no evidence presented that demonstrated erroneous facts or information were presented to the grand jury to obtain the indictments as required by article 55.01. *See* Tex. Code Crim. Proc. Ann. art. 55.01(a)(2)(A)(ii)(d). Thus, there is no evidence showing why the indictments were dismissed except the motions to dismiss, which state only that the causes should be dismissed in the interest of justice. Accordingly, H.D. failed to carry his evidentiary burden to show that the indictments were caused by or dismissed because of wrongful or mistaken presentment. *See id.*; *Sink*, 685 S.W.2d at 405. We sustain the State's sole issue.

## Conclusion

Having determined that H.D. failed to carry his evidentiary burden to show compliance with the statutory expunction requirement of art. 55.01(a)(2)(A)(ii)(d), we reverse the trial court's expunction order and render judgment denying H.D.'s petition for expunction.

REVERSED AND RENDERED.

JAY WRIGHT
Justice

Submitted on September 26, 2024
Opinion Delivered January 9, 2025

Before Golemon, C.J., Johnson and Wright, JJ.

8