TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-00-00688-CV






Texas Department of Public Safety, Appellant



v.



Larrie Coates Estes, Appellee







FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT


NO. A-00-0552-C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING







 The Texas Department of Public Safety challenges the district court's order
expunging information relating to the arrest and indictment of Larrie Coates Estes for engaging in
organized criminal activity. DPS contends that Estes produced no evidence or insufficient evidence
that the charges against her were dismissed for a reason indicating a lack of probable cause to believe
she committed the offense. We will affirm the order of expunction.

 Estes was arrested and charged with being part of a scheme to fraudulently transfer
motor vehicles at her then-husband's car dealership. After she successfully completed a pretrial
diversion term resulting from the indictment, the charge that she engaged in criminal activity was
dismissed. She filed this petition of expunction.

 Estes was the only witness who testified at the expunction hearing. The district
attorney appeared at the hearing and discussed the merits of Estes's petition without being sworn to
testify. DPS filed a general denial of the petition, but did not appear at the expunction hearing. The
court found that Estes met the standards for expunction. See Tex. Code Crim. Proc. Ann. § 55.01(a)
(West Supp. 2001). Only DPS appeals the expunction order.

 The standards of review for challenges to the sufficiency of the evidence to support
the court's findings and judgment are like those for appeals of jury verdicts. In considering a
no-evidence point, we view all the evidence in the light most favorable to the prevailing party,
indulging every reasonable inference in that party's favor. Associated Indem. Corp. v. CAT
Contracting, Inc., 964 S.W.2d 276, 285-86 (Tex. 1998). In reviewing the factual sufficiency of the
evidence, we weigh all the evidence in the record and set aside the findings and verdict only if they
are so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. Ortiz
v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).

 The petitioner in an expunction proceeding has the burden of proving compliance
with the statutory conditions. Herron v. State, 821 S.W.2d 329, 330 (Tex. App.--Dallas 1991, no
writ). The right to expunction is available only when all of the statutory conditions have been met. 
Id. Article 55.01 of the Texas Code of Criminal Procedure provides, in relevant part, that a person
who has been arrested for commission of either a felony or misdemeanor is entitled to have all
records and files relating to the arrest expunged if the following conditions exist:


(A) . . . if an indictment or information charging him with commission of a felony
was presented, it has been dismissed and the court finds that it was dismissed
because the presentment had been made because of mistake, false information,
or other similar reason indicating absence of probable cause at the time of the
dismissal to believe the person committed the offense or because it was void;


(B) he has been released and the charge, if any, has not resulted in a final conviction
and is no longer pending and there was no court ordered probation under Article
42.12, Code of Criminal Procedure, nor a conditional discharge under Section
481.109, Health and Safety Code; and


(C) he has not been convicted of a felony in the five years preceding the date of the
arrest.



Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). (West Supp.2001). Of these elements, DPS challenges
only Estes's proof that the charges against her were dismissed for a reason indicating a lack of
probable cause to believe she had committed the offense.

 Estes testified that, though she agreed to undergo pretrial diversion, she did not
believe the State had probable cause to believe that she engaged in criminal activity. She testified
that, though she prepared paperwork effectuating the transfers of vehicle ownership, she did not
know of any wrongdoing in those transfers. She testified that she did not participate in the
negotiations for car sales, but merely completed forms based on information given her by salesmen.

 No evidence was presented other than Estes's testimony. The district attorney, who
declined to testify, stated that he recalled some information from codefendants and reputable sources
that Estes knew of the criminal wrongdoing (though he did not specify what sources or what
information). He said that, knowing the business practices of Estes's then-husband and his father,
he had some sympathy for the possibility that Estes was simply caught up in her husband's scheme. 
He said his office made the strategic decision to encourage Estes's participation in the prosecution
of her then-husband by offering her pretrial diversion. He said he did not "have any real heartburn"
about Estes getting her record expunged, but argued that the evidence that he recalled that she knew
what was going on prevented him from conceding the lack of probable cause.

 We conclude that legally and factually sufficient evidence support the court's
judgment. The only evidence in the record is that Estes did not know of the criminal wrongdoing. 
The district attorney did not present any contradictory evidence and has not appealed the expunction. 
DPS did not appear at the hearing, much less present evidence to contradict her testimony indicating
a lack of probable cause to believe that she committed the offense. We overrule DPS's point of error
and affirm the order of expunction.



 

 Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith, and Puryear

Affirmed

Filed: September 13, 2001

Do Not Publish