# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00688-CV

**Texas Department of Public Safety, Appellant**

**v.**

**Larrie Coates Estes, Appellee**

---

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 51ST JUDICIAL DISTRICT
NO. A-00-0552-C, HONORABLE BARBARA L. WALTHER, JUDGE PRESIDING**

---

The Texas Department of Public Safety challenges the district court's order expunging information relating to the arrest and indictment of Larrie Coates Estes for engaging in organized criminal activity. DPS contends that Estes produced no evidence or insufficient evidence that the charges against her were dismissed for a reason indicating a lack of probable cause to believe she committed the offense. We will affirm the order of expunction.

Estes was arrested and charged with being part of a scheme to fraudulently transfer motor vehicles at her then-husband's car dealership. After she successfully completed a pretrial diversion term resulting from the indictment, the charge that she engaged in criminal activity was dismissed. She filed this petition of expunction.

Estes was the only witness who testified at the expunction hearing. The district attorney appeared at the hearing and discussed the merits of Estes's petition without being sworn to testify. DPS filed a general denial of the petition, but did not appear at the expunction hearing. The

court found that Estes met the standards for expunction. *See* Tex. Code Crim. Proc. Ann. § 55.01(a) (West Supp. 2001). Only DPS appeals the expunction order.

The standards of review for challenges to the sufficiency of the evidence to support the court's findings and judgment are like those for appeals of jury verdicts. In considering a no-evidence point, we view all the evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 285-86 (Tex. 1998). In reviewing the factual sufficiency of the evidence, we weigh all the evidence in the record and set aside the findings and verdict only if they are so contrary to the overwhelming weight of the evidence as to be clearly wrong or unjust. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996).

The petitioner in an expunction proceeding has the burden of proving compliance with the statutory conditions. *Herron v. State*, 821 S.W.2d 329, 330 (Tex. App.—Dallas 1991, no writ). The right to expunction is available only when all of the statutory conditions have been met. *Id*. Article 55.01 of the Texas Code of Criminal Procedure provides, in relevant part, that a person who has been arrested for commission of either a felony or misdemeanor is entitled to have all records and files relating to the arrest expunged if the following conditions exist:

> (A)  . . . if an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void;
>
> (B)  he has been released and the charge, if any, has not resulted in a final conviction and is no longer pending and there was no court ordered probation under Article

42.12, Code of Criminal Procedure, nor a conditional discharge under Section 481.109, Health and Safety Code; and

(C) he has not been convicted of a felony in the five years preceding the date of the arrest.

Tex. Code Crim. Proc. Ann. art. 55.01(a)(2). (West Supp.2001). Of these elements, DPS challenges only Estes's proof that the charges against her were dismissed for a reason indicating a lack of probable cause to believe she had committed the offense.

Estes testified that, though she agreed to undergo pretrial diversion, she did not believe the State had probable cause to believe that she engaged in criminal activity. She testified that, though she prepared paperwork effectuating the transfers of vehicle ownership, she did not know of any wrongdoing in those transfers. She testified that she did not participate in the negotiations for car sales, but merely completed forms based on information given her by salesmen.

No evidence was presented other than Estes's testimony. The district attorney, who declined to testify, stated that he recalled some information from codefendants and reputable sources that Estes knew of the criminal wrongdoing (though he did not specify what sources or what information). He said that, knowing the business practices of Estes's then-husband and his father, he had some sympathy for the possibility that Estes was simply caught up in her husband's scheme. He said his office made the strategic decision to encourage Estes's participation in the prosecution of her then-husband by offering her pretrial diversion. He said he did not "have any real heartburn" about Estes getting her record expunged, but argued that the evidence that he recalled that she knew what was going on prevented him from conceding the lack of probable cause.

3

We conclude that legally and factually sufficient evidence support the court's judgment. The only evidence in the record is that Estes did not know of the criminal wrongdoing. The district attorney did not present any contradictory evidence and has not appealed the expunction. DPS did not appear at the hearing, much less present evidence to contradict her testimony indicating a lack of probable cause to believe that she committed the offense. We overrule DPS's point of error and affirm the order of expunction.

_____

\_

Bea Ann Smith, Justice

Before Justices Kidd, B. A. Smith, and Puryear

Affirmed

Filed:   September 13, 2001

Do Not Publish

4