COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-341-CV
 
FRED DOUGLAS SUTHERLAND                                               APPELLANT 
 
V.
 
THE STATE OF TEXAS                                                              APPELLEE 
 
------------
 
FROM THE 
90TH DISTRICT COURT OF YOUNG COUNTY 
 
------------
 
MEMORANDUM OPINION



 
------------
        Fred Douglas Sutherland, pro se, appeals from the trial court’s denial of 
his petition for expunction. In four issues, he complains that he was not given 
sufficient notice of the hearing on his petition, he was effectively denied his 
fundamental right of access to the courts, the trial court’s errors caused the 
rendition of an improper judgment and prevented him from properly presenting 
his case on appeal, and the trial court’s denial of his petition is contrary to the 
evidence, legislative intent, and the law. We will affirm. 
        On September 17, 1991, appellant was arrested for criminal trespass and 
resisting arrest. Pursuant to a plea bargain in the resisting arrest case, appellant 
pleaded guilty to the lesser offense of disorderly conduct 
 

 in exchange for 
dismissal of the criminal trespass charge. The trial court adjudicated appellant
guilty of disorderly conduct, assessed a $500 fine, which appellant paid, and
dismissed the criminal trespass charge. 
        In September 2002, appellant petitioned for expunction of all records 
pertaining to the criminal trespass and resisting arrest charges. Appellant, who 
was incarcerated at the time, was bench warranted back to the trial court for 
a hearing on his expunction petition. After the hearing, the trial court denied 
appellant’s petition. This appeal followed. 
        In his first issue, appellant complains that the trial court violated the code 
of criminal procedure and the rules of civil procedure by setting his expunction 
petition for hearing less than thirty days after it was filed. See Tex. Code Crim. 
Proc. Ann. art. 55.02, § 2(c) (Vernon Supp. 2004) (providing that trial court 
shall set hearing no sooner than thirty days from filing of petition); Tex. R. Civ. 
P. 245 (providing that trial court may schedule first setting of contested case 
on reasonable notice of not less than forty-five days). This complaint is waived 
because it was not raised in the trial court. Tex. R. App. P. 33.1(a); see Dow 
Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001). Instead, when the 
trial court asked appellant if he was ready to proceed on his motion, appellant 
responded, “Yes.” We overrule appellant’s first issue. 
        In his fourth issue, appellant complains that the trial court’s order denying 
his petition is against the weight of the evidence and contrary to both legislative 
intent and relevant case law. The expunction statute was enacted to allow 
persons wrongfully charged to expunge their arrest records. Tex. Dep’t of Pub. 
Safety v. Butler, 941 S.W.2d 318, 321 (Tex. App.—Corpus Christi 1997, no 
writ). The right to an expunction is neither a constitutional nor common law 
right, but, rather, a statutory privilege. Quertermous v. State, 52 S.W.3d 862, 
864 (Tex. App.—Fort Worth 2001, no pet.); Ex parte Myers, 24 S.W.3d 477, 
480 (Tex. App.—Texarkana 2000, no pet.). Although article 55.01 is included 
in the code of criminal procedure, an expunction proceeding is civil rather than 
criminal in nature; therefore, the burden of proving compliance with the statute 
is on the petitioner rather than the State. Tex. Dep’t of Pub. Safety v. 
Mendoza, 952 S.W.2d 560, 562 (Tex. App.—San Antonio 1997, no writ); Tex. 
Dep’t of Pub. Safety v. Katopodis, 886 S.W.2d 455, 457 (Tex. App.—Houston 
[1st Dist.] 1994, no writ). 
        At the time of appellant’s 1991 arrest, article 55.01 provided that a 
person arrested for the commission of either a felony or misdemeanor was 
entitled to have all records and files relating to the arrest expunged if each of 
the following three conditions existed: 
(1) an indictment or information charging him with commission of
a felony had not been presented against him for an offense arising
out of the transaction for which he was arrested;
 
(2) he had been released and the charge, if any, had not resulted 
in a final conviction and was no longer pending and there was no 
court ordered community supervision under article 42.12 of the 
code of criminal procedure; and 
 
(3) he had not been convicted of a felony in the five years 
preceding the date of the arrest. 
 



        In this case, the trial court’s ruling was not against the great weight and 
preponderance of the evidence, 
 

 or contrary to law, because appellant failed to 
introduce any evidence that he had not been convicted of a felony in the five
years preceding his arrest. Although the verification of appellant’s petition for
expunction includes his statement that he had not been convicted of any felony
offenses in the five years preceding his 1991 arrest, this averment is not
evidence. See Mendoza, 952 S.W.2d at 562-63 (holding that verified petition,
alone, is not evidence of compliance with article 55.01). We overrule
appellant’s fourth issue.
        In his second issue, appellant contends that he was effectively denied his 
fundamental right of access to the courts because he was not sworn so that he 
could testify at the hearing, and because his complaints concerning the 
prehearing confiscation of his legal work and reference materials went 
unheeded by the trial court. Appellant asserts that his confiscated materials 
contained “substantial items of evidence” that he had intended to proffer at the 
hearing, including evidence of his lack of felony convictions prior to 1991. In 
his third issue, appellant complains that the trial court’s errors caused the 
rendition of an erroneous judgment and prevented him from properly presenting 
his case on appeal. 
        Prisoners have the constitutional right to petition the government for 
redress of their grievances, which includes a reasonable right of access to the 
courts. Hudson v. Palmer, 468 U.S. 517, 523, 104 S. Ct. 3194, 3198 (1984); 
Nichols v. Martin, 776 S.W.2d 621, 623 (Tex. App.—Tyler 1989, no writ). 
The right to be heard includes the opportunity to introduce evidence, to 
cross-examine witnesses, to be heard on questions of law, and to have 
judgment rendered only after trial. Nichols, 776 S.W.2d at 623. 
        The record in this case does not show that appellant was denied the right 
of access to the courts. As the hearing began, the trial court promised to give 
appellant some leeway because he was not an attorney. The court then guided 
appellant through the hearing, giving him several opportunities to explain why 
he was entitled to have his records expunged, providing him the code of 
criminal procedure upon request, and allowing him to rebut the State’s 
arguments. At no time during the hearing did appellant ask to testify or cross-examine witnesses, nor did he attempt to introduce evidence or argue that he 
had not been convicted of a felony in the five years preceding his 1991 arrest. 
Further, appellant did not make the trial court aware of the alleged confiscation 
of his legal materials and evidence prior to the hearing. 
 

 The only allusions he 
made at trial to the matters about which he now complains were as follows:
•Concerning his arrest record: “I’m sorry, I don’t have it in front of
me,” after which the trial court explained what charges the record
showed and appellant agreed.


 
 
•In response to the State’s argument: “May I offer rebuttal? May 
I see the Code of Criminal Procedure, please?” after which he was 
provided a copy of article 55.01 and made arguments based on it. 
 
•”I have all the—if they had allowed me to bring any of my—I don’t 
even have a toothbrush. I have all the case law in all of this.” 

        These comments were not sufficiently specific to put the trial court on 
notice that appellant was either complaining that his legal materials had been 
confiscated or requesting their return. See Tex. R. App. P. 33.1(a). Based on 
this record, we hold that the trial court did not deprive appellant of his right to 
the courts. Accordingly, we overrule appellant’s second and third issues and 
affirm the trial court’s judgment. 
                                                                  PER CURIAM 
PANEL F:   CAYCE, C.J.; LIVINGSTON, J.; and SAM J. DAY, J. (Retired, 
Sitting by Assignment). 
 
DELIVERED: November 20, 2003