NO. 07-09-0200-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 5, 2010

______________________________

JESSE ALAN DISALVIO, 

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 47TH DISTRICT
COURT OF RANDALL COUNTY;

NO. 17,890-A; HON. HAL MINER,
PRESIDING

_______________________________

Anders Opinion

_______________________________

Before
QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

            Jesse Alan Disalvio (appellant)
appeals an order adjudicating him guilty of the offense of robbery.  Pursuant to a plea agreement, appellant pled
guilty to the offense, and the trial court deferred the adjudication of his
guilt and placed him on community supervision for ten years.  Subsequently, the State moved the trial court
to proceed with the adjudication of appellant’s guilt.  Appellant pled not true to the alleged
violations of the terms of his community supervision, and the trial court held
a hearing.  Upon completion of the
hearing, the trial court adjudicated appellant guilty and sentenced him to
eight years in prison.  The trial court
certified that appellant had the right to appeal.       

            Appellant’s counsel has now moved to
withdraw, after filing a brief pursuant to Anders v. California, 386
U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and representing that she has
searched the record and found no arguable grounds for reversal.  The motion and brief illustrate that
appellant was informed of his right to review the appellate record and file his
own brief.  So too did we inform
appellant that any pro se response or brief he cared to file had to be
filed by January 19, 2010.  To date,
appellant has filed no such
response or brief.  

            In compliance with the principles
enunciated in Anders, appellate counsel discussed three potential areas
for appeal, those being the sufficiency of the evidence to support a conviction
for robbery, the finding he had violated conditions of his probation, and the
admission of a voice mail message to his probation officer.  However, counsel goes on to explain why the
issues are without merit.   

            We
have also conducted an independent review of the record to determine whether
there existed reversible error and found none. 
Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991)
(requiring us to conduct an independent review from or prior to the plea
hearing).  The evidence presented at the
adjudication hearing was sufficient to support the trial court’s finding that
appellant had violated terms and conditions of his probation.  Furthermore, the punishment assessed was also
within the range prescribed by law.  Tex. Penal Code Ann. §§29.02
&12.33(a) (Vernon 2003 & Supp. 2009).

            Accordingly, we grant counsel’s
motion to withdraw and affirm the judgment of the trial court.

 

Brian Quinn

                                                                                  Chief Justice

 

Do not
publish.






serif"'>H. Beck, Inc. concerning any transaction or the
construction, performance, or breach of this Agreement or any other agreement
between us . . .  shall be determined by
arbitration.”  (Emphasis added).

            The final, and rather illegible,
agreement in question apparently was signed by the Butlers in 2007.  Also appearing on it are two other signatures,
neither of which can be read nor interpreted as belonging to either Stephanie
Hrycyk or Hrycyk Financial.  However, a
closing paragraph refers to “Emmett A Larkin, Company, Inc.”  The one above it also mentions arbitration.  Through it, the Butlers apparently agreed
that “all controversies which may arise between ME/US or between ME/US and the
organization that has introduced MY/OUR account carried by you, including but
not limited to those involving any transaction over the construction, performance,
or breach of this or any other agreement between us . . .  shall be determined by arbitration.”  We also note that  the record holds no evidence of who
“introduced” the Butlers to Larkin.    

            Next, Hrycyk moved the trial court
to enforce the aforementioned arbitration clauses, and the court held a hearing
on the motion.  No witnesses were
presented at that hearing, however. 
Instead, legal counsel simply argued their respective positions.  And, as we all know, their arguments
generally constitute evidence of nothing, despite their eloquence.  See Tex.
Dep’t of Public Safety v. Mendoza, 952 S.W.2d 560, 564 (Tex. App.–San
Antonio 1997, no writ) (holding that argument of legal counsel at a hearing is
not evidence).  Yet, Hrycyk did accompany
her motion with her affidavit.  And, in
that instrument she authenticated the aforementioned Beck contracts, stated
that she “was a registered representative of H. Beck Inc.” at the time of their
execution, attempted to authenticate the 2007 agreement as one between the
Butlers and “Gramercy Securities Inc.” (an entity unmentioned in the particular
document), stated that she was a “registered representative of Gramercy,”
stated that the contracts with the arbitration clauses “were made in
consideration of Hrycyk . . . providing services to  …” the Butlers, acknowledged providing investment advising
services to the Butlers since 1999, indicated the nature of investments
acquired by the Butlers and their geographic location, and concluded by stating
that Beck and Gramercy were “both broker-dealers with their primary places of
business outside of the state of Texas.” 
Having received this affidavit and argument of counsel, the trial court
denied the motion before it.  

            Whether a trial court errs in
refusing to order arbitration depends on whether it abused its discretion.  Torster v. Panda Energy Mgmt., L.P., No. 07-10-00442-CV, 2011 Tex. App. Lexis 1628, at *5 (Tex. App.–Amarillo March 7, 2011, no pet.
h.) (not designated for publication); Sidley, Austin, Brown,
& Wood, L.L.P. v. J.A. Green Dev. Corp., 327 S.W.3d 859, 863 (Tex. App.–Dallas 2010, no pet.)
(stating that we apply a no evidence standard to the trial court’s factual
determinations and a de novo standard to the legal determination which is the same as a
standard of abused discretion).  A trial
court abuses its discretion when its decision deviates from guiding rules and
principles and is otherwise arbitrary, capricious, and unreasonable.  See Downer v. Aquamarine
Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985).  One of
those guiding rules and principles obligates the party seeking arbitration to
establish the existence of a valid agreement requiring arbitration and encompassing
the litigants and dispute in question.   In
re Bank One, N.A., 216
S.W.3d 825, 826 (Tex. 2007) (orig. proceeding). 
It is compliance with the latter rule that we find missing here.     

            As can be seen from what we
described above, the arbitration clauses are in contracts between the Butlers
and third parties.  Additionally, none
expressly mention disputes with Hrycyk as being encompassed by the
clauses.  Despite that, Hrycyk seeks to
benefit from them through her supposed relationship with those third parties.  But again, there is no evidence in the record
before us of any such relationship. 
Moreover, the conclusory allegation about being their “registered
representative” fails to fill the void. 
Such allegations not only lack probative value, City of San Antonio v. Pollock, 284 S.W.3d 809, 816 (Tex. 2009)
(stating that conclusory allegations have no probative value), but also leave
one guessing at the nature of the legal relationship, if any,
contemplated.  And, we are not authorized
to engage in such guessing.  

            Nor may we simply assume that Hrycyk
was the party who “introduced” the Butlers to Larkin or Gramercy for purposes
of the arbitration clause in the 2007 contract.    And given that Gramercy is nowhere
mentioned in the 2007 contract and the lack of any evidence explaining whether
Gramercy succeeded to Larkin’s rights in the agreement, we would be hard pressed
to conclude that Hrycyk’s status as a “registered representative” of Gramercy
somehow entitles her to contractual rights granted Larkin. 

            Simply put, we have before us 1)
arbitration clauses that expressly encompass entities other than Hrycyk and 2)
no probative evidence that Hrycyk has any type of actual relationship to those
entities.  Given this, we cannot say that
the burden to prove the applicability of the clauses was met.  Thus, the trial court did not abuse its
discretion in view of the record before us.

            The order denying arbitration is
affirmed.

            

                                                                                    Brian
Quinn 

                                                                                    Chief
Justice











[1]John T. Boyd, Senior Justice, sitting by assignment.





[2]The
same term appeared in the original contract signed by the Butlers and Hrycyk in 1999 and was also undefined and unexplained
there.