

# Fourth Court of Appeals

## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-16-00584-CV

**IN THE MATTER OF J.P.**

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. CM2010JUV02006
Honorable Daphne Previti Austin, Judge Presiding

Opinion by:     Irene Rios, Justice

Sitting:        Karen Angelini, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: July 26, 2017

AFFIRMED

Appellant J.P. appeals from the trial court's order revoking his community supervision and sentencing him to eight years' imprisonment. J.P. contends the trial court erred by failing to *sua sponte* hold an informal competency hearing. The trial court's judgment is affirmed.

### BACKGROUND

In December 2010, the juvenile court found J.P. engaged in delinquent conduct by committing the offense of indecency with a child, and following a disposition hearing, the juvenile court placed J.P. on juvenile community supervision for eight years. In June 2012, the juvenile court transferred J.P.'s juvenile community supervision to the district court, and J.P. continued community supervision as an adult. In February 2015, the State filed a Motion to Revoke (MTR)

J.P.'s community supervision, and in November 2015, filed an amended MTR, alleging J.P. violated several conditions of his community supervision. The trial court held a hearing on the amended MTR in January 2016, during which J.P. pleaded true to three violations. During the June 9, 2016, sentencing hearing, the trial court revoked J.P.'s community supervision and sentenced J.P. to eight years' imprisonment.

Thereafter, J.P. perfected this appeal.

## STANDARD OF REVIEW AND APPLICABLE LAW

A defendant is presumed competent to stand trial and shall be found competent to stand trial unless proved incompetent by a preponderance of the evidence. TEX. CODE CRIM. PROC. ANN. art. 46B.003(b) (West 2015). A defendant is not competent to stand trial if he lacks (1) a sufficient present ability to consult with his attorney with a reasonable degree of rational understanding or (2) a rational as well as factual understanding of the proceedings against him. *Id*. art. 46B003(a).

"These legislative criteria for competency contemplate a defendant who is at least minimally able to interact with his trial counsel in a 'reasonable and rational' way (even if they do not necessarily agree) in formulating decisions how most effectively to pursue, his defense." *Turner v. State*, 422 S.W.3d 676, 689-90 (Tex. Crim. App. 2013). "Under our current statutory scheme, any 'suggestion' of incompetency to stand trial calls for an 'informal inquiry' to determine whether evidence exists to justify a formal competency trial." *Id*. at 691-92 (footnote omitted); *see* TEX. CODE CRIM. PROC. ANN. art. 46B.004(c), (c-1) (West 2015). The issue of a defendant's competency can be raised by any party by filing a motion or by the trial court on its own motion. *See id*. art. 46B.004.

A suggestion of incompetency may be based on the trial court's observations related to the defendant's capacity to: rationally understand the charges against him and the potential

consequences of the pending criminal proceedings; disclose to counsel pertinent facts, events, and states of mind; engage in a reasoned choice of legal strategies and options; understand the adversarial nature of criminal proceedings; exhibit appropriate courtroom behavior; and testify. *Id.* art. 46B.024(1) (West Supp. 2015), or "on any other indication that the defendant is incompetent [to stand trial] within the meaning of Article 46B.003." *Id.* art 46B.004(c-1).

"In making this determination, a trial court must consider only that evidence tending to show incompetency, 'putting aside all competing indications of competency, to find whether there is some evidence, a quantity more than none or a scintilla, that rationally may lead to a conclusion of incompetency.'" *Turner*, 422 S.W.3d at 692 (quoting *Ex parte LaHood*, 401 S.W.3d 45, 52-53 (Tex. Crim. App. 2013)). "If so, then 'evidence exists to support a finding of incompetency,' and the statutory scheme requires the trial court to conduct a formal competency trial." *Id.* at 692-93 (quoting TEX. CODE CRIM. PROC. ANN. art. 46B.005(a) (West 2006)).

We review a trial court's decision not to *sua sponte* hold an informal inquiry into a defendant's competency for an abuse of discretion. *Moore v. State*, 999 S.W.2d 385, 393 (Tex. Crim. App. 1999). A trial court abuses its discretion if its decision is arbitrary or unreasonable. *Id.*

## APPLICATION

J.P. complains the trial court abused its discretion by failing to *sua sponte* hold an informal hearing regarding his competency. J.P. argues there was evidence before the trial court suggesting J.P.'s incompetency, specifically pointing to J.P.'s counsel's indication he had difficulty communicating with J.P. and required help from J.P.'s mother to do so.[1]

---

[1] J.P. states in his brief that the trial court indicated it wanted to have J.P. reevaluated but, because of J.P.'s work schedule, that reevaluation did not occur. Our review of the record shows the only time this possible reevaluation is mentioned in the appellate record is during counsel's argument. Counsel's argument is not evidence, and we will not

During the hearing on the State's MTR, defense counsel informed the trial court he required assistance communicating with J.P., but ultimately stated he believed J.P. was competent to proceed, as shown in the following exchange:

The Court: Okay. Are you confident that he is competent?

[Counsel]: Well, even though he does have the mind of a child, I think that and with the help of his mother, I've been able to communicate with him. And I believe that his mentality isn't — doesn't correspond to his age. But still he — I believe that he knows what we're here for.

The Court: Okay. And you're confident that he meets the legal requirements for competency to proceed?

[Counsel]: Well, not being a psychologist I — but I can't — I would say yes.

Additionally, the trial court sought to make certain J.P. understood the conditions he was alleged to have violated. As the State read each allegation against J.P., the trial court questioned J.P. whether he understood each violation. J.P. acknowledged he understood the violations, and before closing the MTR hearing, the trial court verified J.P. understood the consequences of his "true" plea. The trial court observed that although J.P. might "have a diagnosis," that diagnosis did not hinder his ability to understand the proceedings and communicate with counsel. Additionally, the trial court acknowledged the suggestions of J.P.'s immaturity and admonished J.P. that, "You're an adult, and I expect you to act like one."

During the sentencing hearing, J.P. was able to answer the questions posed to him by both the State and his own counsel. J.P. expressed his understanding of the consequences for violating the terms of his probation. J.P.'s mother testified she had to remind J.P. to brush his teeth and shower, explaining that a 21 year-old-man should not have to be reminded to complete basic self-care. Finally, during closing remarks, defense counsel told the trial court that J.P. "thinks like a

consider it as such. *See Texas Dep't of Pub. Safety v. Mendoza*, 952 S.W.2d 560, 564 (Tex. App.—San Antonio 1997, no writ).

child" and described J.P. as "responsible in a way" but still taking part in activities such as skateboarding. When the trial court pronounced sentence, it noted J.P. had testified he didn't charge his GPS monitor because he did not want to be on GPS, had been dishonest in the past, and went to a park despite knowing that doing so was a violation of his terms of probation. Relying on the evidence before it relating to J.P.'s competency, as well as its own observations and interactions with J.P., the trial court did not express any further concern with regard to J.P.'s competency.

After reviewing the record, conclude that the trial court's duty to conduct an informal inquiry on a suggestion of incompetence was not triggered. The record does not suggest J.P. was incompetent at the time of the adjudication or sentencing hearing and supports the trial court's decision not to delve further into J.P.'s competency.

We conclude the trial court did not abuse its discretion by not *sua sponte* holding an informal competency hearing. Accordingly, J.P.'s sole issue on appeal is overruled.

### CONCLUSION

The judgment of the trial court is affirmed.

Irene Rios, Justice